UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASIM HASAN, A 094-549-106,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-05590-DAD-CKD P<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement (ICE) and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed a response to the petition. (ECF No. 3.) For the reasons set forth below, the undersigned recommends the petition be granted and respondent be ordered to provide petitioner a bond hearing at which the government bears the burden of showing by clear and convincing evidence that petitioner is either a flight risk or danger to the community to justify his continued detention.

**I. Background**

Petitioner is a native and citizen of Syria who entered the United States as a refugee on or about November 10, 2005, and adjusted to Lawful Permanent Resident made retroactive to November 10, 2005. (ECF No. 1 at 5; ECF No. 9 at 2, 6, 12, 16.) Under respondent's evidence, while living in the United States, petitioner has been criminally convicted of various controlled substance and other offenses. (Id. at 13-14.) On January 23, 2024, petitioner was convicted in the

District of Utah of possession of heroin in violation of 21 U.S.C. § 844 and sentenced to time served. (Id. at 21-24.) On August 7, 2025, immigration officials encountered plaintiff at the Salt Lake County Metro Jail. (Id. at 13.) On August 28, 2025, petitioner was served with a Notice to Appear charging him as removable. (Id. at 16.)

On September 30, 2025, petitioner was provided a custody redetermination hearing and an immigration judge (IJ) denied bond finding "the court lacks jurisdiction, as the respondent has been convicted of a controlled substance offense and is subject to mandatory custody." (ECF No. 9 at 44.)

On January 9, 2026, an immigration judge (IJ) granted petitioner's application for cancellation of removal for Lawful Permanent Residence under INA §240(A). (ECF No. 9 at 56.) In the alternative, the IJ found petitioner established a well-founded fear of future persecution and stated the IJ would grant his application for Withholding of Removal. (Id. at 58.) Respondent appealed the IJ's decision and briefing was due June 10, 2026. (Id. at 52.)

Petitioner asserts his continued detention violates the Due Process Clause of the Fifth Amendment. (ECF No. 1.) Respondent argues petitioner's detention is constitutional and mandatory under 28 U.S.C. § 1226(c) because of his heroin conviction. (ECF No. 9 at 3-4.) Respondent asserts petitioner sought and received a Joseph hearing, reserved appeal, and has not exhausted his administrative remedies.[1] (Id. at 3.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

---

[1] Detainees who claim they are not covered by § 1226(c) have the right, in administrative immigration proceedings, to request a "Joseph hearing" to challenge whether they are covered by § 1226(c). See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).

**III. Discussion**

Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). That subsection provides the Attorney General shall take into custody any noncitizen who is "deportable by reason of having committed any offense covered in specified sections, including section 1227(a)(2)(B)[.]" A noncitizen is deportable under section 1227(a)(2)(B) if at any time after admission, they are "convicted of a violation of… any law… relating to a controlled substance…, other than a single offense involving possession for one's own use of thirty grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). Based on petitioner's 2024 possession of heroin conviction in the District of Utah, he is deportable under 8 U.S.C. § 1227(a)(2)(B)(i) and subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B).

Having found § 1226(c) governs petitioner's detention, the undersigned rejects respondent's argument that petitioner has failed to exhaust administrative remedies. Noncitizens detained under § 1226(c) are unable to request a bond hearing before an IJ and should not be required to do so as the attempt is likely to be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (exhaustion may be waived "where...pursuit of administrative remedies would be a futile gesture"). Pursuit or appeal of a Joseph hearing is likely to be similarly futile, as the detention authority is clear based on petitioner's controlled substance conviction in the District of Utah.

Although the IJ granted petitioner's application for cancellation of removal on January 9, 2026, the record indicates the appeal still pending. (See ECF No. 9 at 52, 56.) Thus, the IJ's decision is not final. See 8 C.F.R. § 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."). The IJ's granting of petitioner's application for cancellation of removal did not, by itself, terminate the applicable detention authority. See generally Expinoza-Gallo v. Chestnut, et al., No. 1:26-CV-01429-JLT-HBK (HC), 2026 WL 2295677, at *3 (E.D. Cal. Aug. 10, 2026) (holding "[t]he IJ's finding that Petitioner is not removable… did not, by itself, end DHS's authority to detain..."); Sanchez Gomez v. Mullin, No. 5:26-CV-03322-KSI, 2026 WL 2394070, at *4 (C.D. Cal. Aug. 17, 2026) (same).

However, the petition raises an as-applied, procedural due process challenge to the petitioner's continued detention. At this point, petitioner has been detained for approximately 13 months without the opportunity for an individualized bond hearing.

The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, 538 U.S. at 531. The Supreme Court reasoned detention under § 1226(c) is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Id. at 513, 529 n.12, 530.

The Ninth Circuit Court of Appeal has declined to address "[w]hether due process requires a bond hearing" for noncitizens in prolonged detention under §1226(c), finding the issue was not before the court. See Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).

The undersigned agrees with the many courts holding Demore does not bar an as-applied challenge to prolonged detention without an individualized hearing. See, e.g., Black v. Decker, 103 F.4th 133, 157 (2nd Cir. 2024), cert. granted sub nom. Genalo v. Black, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026) ("The Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary."); Nasar v. Warden of California City Det. Ctr., No. 2:26-CV-00433-DC-AC (HC), 2026 WL 731160, at *3 (E.D. Cal. Mar. 13, 2026) (internal quotation marks, brackets, and citation omitted) ("While neither the Ninth Circuit nor the Supreme Court have endorsed a bright-line rule for when a noncitizen's detention becomes constitutionally impermissible, nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.").

The court examines the procedural due process claim in two steps. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first step is determining whether there

exists a protected liberty interest under the Due Process Clause, and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Id.

Petitioner has a protected liberty interest at stake. The Due Process Clause protects persons in the removal process from "arbitrary prolonged detention." Rodriguez v. Marin, 909 F.3d at 256. Noncitizens have a well-established liberty interest in their freedom from detention. Zadvydas, 533 U.S. at 693.

To determine whether petitioner received process due with respect to that protected liberty interest, the court will use the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner has a "substantial" private interest in freedom from prolonged detention. See Rodriguez Diaz v. Garland, 53 F.4th at 1207 ("an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). Petitioner has been detained for 13 months and has never been granted a hearing where he could argue for his release pending removal based on individualized consideration of the relevant risks.

As for procedures in place, there do not appear to be any to mitigate against the risk of arbitrary prolonged detention. It does not appear petitioner would be afforded a bond hearing at any point in the future during pendency of his removal proceedings given that respondent maintains he is subject to mandatory detention and not entitled to such a hearing. Thus, petitioner's only available process for his due process claim asserting prolonged detention is through a habeas petition. A bond hearing before an IJ would mitigate the risk of erroneous deprivation because it would require the government to establish petitioner presents a flight risk or danger to the community if released.

The government has an interest in protecting the public from noncitizens who have been determined to be dangerous and in ensuring successful execution of removal orders through detention of removable noncitizens. Rodriguez Diaz, 53 F.4th at 1208 (citing Demore v. Kim, 538

U.S. 510, 515, 528). However, respondent's interest in petitioner's continued detention without a bond hearing is low because "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

Being required to provide petitioner a bond hearing will not undercut the government's interests. Limiting detention to noncitizens who are shown to be either dangerous or a flight risk may serve the interests of the public and the government by limiting the fiscal and administrative burdens attendant to immigration detention. See Hernandez, 872 F.3d at 996 (noting the "staggering" costs to the public of immigration detention as compared to supervised release programs). Detention hearings in immigration courts are routine and impose a "minimal cost." Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).

Because the Mathews factors favor petitioner, the undersigned recommends petitioner receive a bond hearing before an IJ at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention. Respondent should bear this burden at the hearing because where an individual's liberty is at stake for continued detention, the Supreme Court has consistently required the government to justify continued detention by clear and convincing evidence. See Black v. Decker, 103 F.4th at 157 (citing collected cases).

## IV. Order and Recommendation

In light of the recommendation to grant the petition and order respondent to hold a bond hearing for petitioner, the undersigned does not find the interests of justice would be served by the appointment of counsel for petitioner at the present time.

Accordingly, IT IS ORDERED that petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be GRANTED and respondent be ordered to provide petitioner a bond hearing before an Immigration Judge, within

fourteen (14) days of adoption of these findings and recommendations, at which the government bears the burden of showing by clear and convincing evidence that petitioner is either a flight risk or danger to the community to justify his continued detention.

2. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 hasa5590.mer